# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-31186
Summary Calendar

JAMES KENNETH FONTENOT;
SANDRA FONTENOT,

Plaintiffs-Appellants,

versus

WAL-MART STORES, INC.; ET AL.,

Defendants,

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1037)

September 4, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

James Kenneth Fontenot and Sandra Fontenot appeal the jury's award of damages, alleging that the award is inadequate. For the reasons assigned, we affirm.

The Fontenots sued Wal-Mart Stores, Inc. for injuries allegedly sustained

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when a Wal-Mart employee caused a stereo box to fall on James Fontenot. The matter was tried to a jury. At the close of the plaintiffs' case, the trial court granted the Fontenots' motion for a judgment as a matter of law on the issue of liability, finding no comparative fault attributable to them. The issue of damages was then submitted to the jury which awarded $10,000 for past general damages and $8,513.94 for past medical expenses. The jury declined to award future damages, and found that no loss of consortium damages were sustained. The Fontenots moved for a judgment as a matter of law, new trial, or additur, contending that the damages award was inadequate. The trial court denied the motions and the Fontenots timely appealed.

In reviewing a damage award, the evidence must be viewed in a light most favorable to the jury's verdict, and the verdict must be upheld unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary conclusion.[1] We do not alter a damage award unless it is so "inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial."[2]

Our review of the briefs and appellate record, recognizing and giving due deference to the jury's essential role in weighing conflicting evidence and determining the relative credibility of the witnesses, leads inexorably to the

---

[1] **Dawson v. Wal-Mart Stores, Inc.**, 978 F.2d 205 (5th Cir. 1992).

[2] **Munn v. Algee**, 924 F.2d 568 (5th Cir. 1991).

2

conclusion that the jury's quantum award is supported by sufficient evidence and, accordingly, no error exists.

The judgment appealed is AFFIRMED.